Leigh Anne MARSHALL, Plaintiff-Appellant,

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant-Appellee.**

No. 17-10259

Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(November 30, 2017)

Spencer Marc Aronfeld, Christopher John Bailey, Matthias Hayashi, Lovecia A.

---

Holmes, Aronfeld Trial Lawyers, Coral Gables, FL, for Plaintiff-Appellant

Richard J. McAlpin, Daniel Scott Marcotte, McAlpin Conroy, PA, Miami, FL, Nicholas Allen Applin, Horr Novak & Skipp, PA, Miami, FL, for Defendant-Appellee

Before JORDAN, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Leigh Marshall brought this maritime personal injury action against Royal Caribbean Cruises for injuries she allegedly sustained while on board the *Enchantment of the Seas* on March 5, 2016. It had rained off and on throughout that day, and it was undisputed that Ms. Marshall and her traveling companions were aware of the rain and the wetness of the external surfaces of the ship. Near midnight, as Ms. Marshall reached the bottom of a flight of external stairs she was descending, she slipped on a puddle on the deck at the bottom of the stairs and twisted her ankle.

Following discovery, the district court granted summary judgment in favor of Royal Caribbean, concluding that any alleged danger presented by the wet external deck was open and obvious, and that Royal Caribbean had no duty to specifically warn Ms. Marshall of the wetness. The court also found that Ms. Marshall had failed to present sufficient evidence that Royal Caribbean had actual or constructive notice of any dangerous condition regarding the wet floor or the staircase. Ms. Marshall now appeals.

After reviewing the record and the parties' briefs, and for the reasons outlined in the district court's thorough and well-reasoned discussion of the duty owed by Royal Caribbean to Ms. Marshall, as well as the open and obvious nature of the danger presented, we affirm. First, Ms. Marshall cannot establish that Royal Caribbean had a duty to warn her about the wet or slippery nature of the external decks because it was an open and obvious condition of which she was or should have been aware. *See Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1238 (S.D. Fla. 2006) (under federal maritime law, an operator of a cruise ship has a duty to warn of "known dangers which are not apparent and obvious"); *see also Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 951, 953-54 (9th Cir. 2011) (citing *Isbell*). Second, Royal Caribbean had no duty to protect Ms. Marshall from any dangerous condition of which it had no actual or constructive notice. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) ("as a prerequisite to imposing liability, [the carrier must] have had actual or constructive notice of the risk-creating condition"). Third, the district court properly found that Ms. Marshall failed to present evidence showing that Royal Caribbean created the dangerous wet condition on the deck or designed or manufactured the staircase. *See Thomas v. NCL (Bahamas), Ltd.*, 203 F.Supp.3d 1189, 1194 (S.D. Fla. 2016) ("a cruise line cannot be held liable for an alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design"). Nothing in the record creates a genuine issue of material fact regarding any of these issues, and the district court did not err in granting summary judgment to Ms. Marshall.

Accordingly, we affirm.

**AFFIRMED.**